UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
BRACHA CAB CORP., *et al.*,                         : Case No. 1-17-46613 (NHL)
                                                    :
                                                    : *Jointly Administered*
                        Debtors.                    :
------------------------------------------------------------- x

# DECLARATION OF MICHAEL P. ROBINSON IN SUPPORT OF MOTION OF CAPITAL ONE EQUIPMENT FINANCE CORP. TO VACATE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, DISMISS OR CONVERT THE DEBTORS' CASES OR APPOINT A CHAPTER 11 TRUSTEE

I, Michael P. Robinson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.　　I am a Vice President of Capital One Equipment Finance Corp. f/k/a All Points Capital Corp., d/b/a Capital One Taxi Medallion Finance ("COTMF"). I am fully familiar with the facts and circumstances set forth herein on the basis of my position and review of COTMF's records. I am above eighteen (18) years of age and, if called to testify, I would testify competently to the facts set forth herein.

2.　　I submit this declaration in support of COTMF's motion (the "Motion") to vacate the automatic stay imposed by 11 U.S.C. § 362(a) or, in the alternative, dismiss or convert the above-captioned cases or appoint a chapter 11 trustee.

**The Loans and Debtors' Defaults**

3.　　On or about August 1, 2012, COTMF made loans (each a "First Loan" and collectively, the "First Loans") to each Debtor[1] in these jointly administered cases as well as two,

---

[1] The Debtors are: Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Jarub Trans Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., and Jackhel Cab Corp (collectively, the "Debtors" and each a "Debtor").

non-debtor entities. The First Loans are evidenced by Term Loan Agreements (each a "First Loan Agreement" and collectively, the "First Loan Agreements") and Term Loan Notes (each a "First Note" and collectively, the "First Notes"), executed and delivered to COTMF by each Debtor and non-debtor borrower. Representative copies of the First Loan Agreement and First Note are attached as Exhibit A and B, respectively.

4. The First Loans each had an original principal balance of $1,210,000—except for the First Loan made to the Debtor Fit Taxi Corp., which had an original principal balance of $1,525.000.[2]

5. On or about November 21, 2013, an additional $250,000 was loaned to each of the following Debtors: Bracha Cap Corp., Dabri Trans. Corp., Dovber Cab Corp. and Jackhel Cab Corp. In connection with the second loans (each a "Second Loan" and collectively, the "Second Loans"), each of these Debtors executed another Term Loan Agreement (each a "Second Loan Agreement" and collectively, the "Second Loan Agreements") and another Term Note (each a "Second Note and collectively, the "Second Notes"). Representative copies of the Second Loan Agreement and Second Note are attached as Exhibit C and D, respectively.

6. All the Loans were absolutely and unconditionally guaranteed by JEB Management Corp. and Jacob Elberg.[3] Ruben Elberg absolutely and unconditionally guaranteed the Loans to Debtor Jarub Trans Corp. and the non-debtor borrowers.[4]

---

[2] Likewise, the First Loans to the non-debtor borrowers each had an original principal balance of $1,190,000.

[3] Jacob Elberg passed away on December 20, 2013

[4] On November 22, 2016, the Clerk of Suffolk County entered a judgment for $4,399,541.72 in favor of COTMF and against Ruben Elberg for his liability under the guarantees of the Loans to Debtor Jarub Trans Corp. and the non-debtor borrowers.

2

7. Each First Loan had an initial, one-year term that would automatically extend for an additional year. Pursuant to Allonge Agreements to the First Notes, a representative copy of which is attached hereto as <u>Exhibit E</u>, a "Renewal Term" commenced on the first day of January of each year throughout the Loan's term. Each Second Loan had an initial term from November 21, 2013 to January 1, 2014 and also provided for successive renewals of one year.

8. The First Loans were automatically renewed on January 1, 2013 and January 1, 2014 for "Renewal Terms" of one year. The Second Loans were renewed on January 1, 2014 for "Renewal Terms" of one year as well.

9. Pursuant to all Loan Agreements and Notes, each Loan "may be terminated by either party. . . at the end of any 'Renewal Term', by one party providing the other party with written notice of such termination at least 60 days prior to. . . the last day of any 'Renewal Term.'" (<u>E.g.</u>, Ex. B at 1.)

10. As set forth in the First and Second Loan Agreements, all unpaid principal and interest became due and payable at the end of a "Renewal Term". (<u>E.g.</u>, Ex. A.)

11. On October 21, 2014—more than sixty (60) days before the last day of each "Renewal Term" ending on December 31, 2014—COTMF gave written notice to each Debtor that it was terminating the Loans.

12. The then-outstanding principal balance in the aggregate of $21,845,000[5] plus accrued interest was due and payable on January 1, 2015 (the "<u>Maturity Date</u>"). In addition, a 4% late fee was charged pursuant to all Loan Agreements for any payment more than ten (10) days late.

---

[5] This sum reflects the total principal amount due under the Loans, including the non-debtor Loans.

34019010v1

13. The Debtors and non-debtor borrowers failed to repay all outstanding principal, accrued interest, and costs and expenses due under the Loans by the Maturity Date.

14. On February 1, 2016, COTMF entered into a Forbearance Agreement with, among others, all the Debtors except for Jarub Trans Corp. The Forbearance Agreement, which expired by its terms on August 1, 2016, is attached as Exhibit F.

**COTMF'S Perfected Security Interests**

15. In connection with all the First Loans, the Debtors each executed a security agreement (each a "Security Agreement" and collectively, the "Security Agreements"). A representative copy of the Security Agreement is attached as Exhibit G.[6]

16. Pursuant to the Security Agreements, the Debtors granted COTMF a first-priority security interest in substantially all the Debtors' property, including their New York City taxi medallions (the "Medallions").

17. COTMF perfected its security interests in the Medallions by filing UCC Financing Statements (the "UCC-1s") with the New York Department of State. Copies of the UCC-1s are attached as Exhibit H.

18. While COTMF does not take a position with respect to the actual value of the Medallions for the purposes of the Motion, COTMF submits that, on September 12, 2017, it auctioned forty-nine (49) taxi medallions (not belonging to the Debtors) and credit bid in the amount of $335,000 per medallion. COTMF further submits that, on December 5, 2017, it auctioned fifty-one (51) medallions and credit bid in the amount of $262,500 per medallion. COTMF reserves all rights with respect to the valuation of the Medallions, including the right to submit evidence of their value at any point during these cases.

---

[6] The Debtors that are obligated under the Second Loans also each executed a second Security Agreement granting security interests in the same collateral as set forth in the first Security Agreements.

**COTMF's Claims**

19. COTMF has a secured claim against each of the Debtors based on their respective defaults under the Loans.

20. COTMF maintains electronic records of the Loans that include, among other things, all payments received, their application, and interest and other charges accrued.

21. COTMF is in the process of reviewing these records, and reserves the right to challenge the Debtors' valuation of its claims, introduce evidence supporting its claims and file proofs of claim with the Bankruptcy Court as COTMF deems appropriate.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 12, 2018

/s/ Michael P. Robinson
Michael P. Robinson
Vice President
Capital One Equipment Finance Corp.