# EXHIBIT B

— Copy —

# CAPITAL ONE TAXI MEDALLION FINANCE
## ADJUSTABLE RATE RENEWABLE TERM LOAN NOTE

**BORROWER: BRACHA CAB CORP.**

**PRINCIPAL: $1,210,000.00**                **DATE: AUGUST 1, 2012**

**PROMISE TO PAY:** The undersigned, jointly and severally if more than one signer, does hereby promise to pay to the order of **CAPITAL ONE TAXI MEDALLION FINANCE** (the "Lender") at its offices at 265 Broadhollow Road, Melville, New York 11747, the sum of ONE MILLION TWO HUNDRED TEN THOUSAND DOLLARS AND NO CENTS ($1,210,000.00), plus interest thereon, from the date hereof in the manner set forth below.

**TERM, RATE AND PAYMENT:** The "Initial Term" of this note shall be one (1) year from the date hereof and shall be automatically extended for successive periods of one (1) year (each, a "Renewal Term"), but in no event shall the note be extended beyond August 1, 2017. Notwithstanding the foregoing, this note may be terminated by either party at the end of the "Initial Term" or at the end of any "Renewal Term", by one party providing the other party with written notice of such termination at least 60 days prior to the last day of the "Initial Term" or the last day of any "Renewal Term". Borrower may also prepay this note pursuant to the terms of the section of this note entitled **PREPAYMENT**

During the "Initial term" of this note the unpaid principal balance hereof shall bear interest from the date hereof to AUGUST 1, 2013 at the rate of **Three and 50/100 (3.50%)** percent per annum. In the event this note is automatically renewed for any "Renewal Term", the interest rate for each Renewal Term shall adjust to two hundred thirty five (235) basis points in excess of the One Year LIBOR Rate then in effect, to be applied for the ensuing one (1) year Renewal Term. The Effective LIBOR Rate, as utilized herein, shall be the rate for deposits in U.S. Dollars for a period of one (1) year, as reported by Rueters as of 11:00 A.M. London time on the day that is one (1) London Banking Day proceeding the first day of each Renewal Term Date. If such rate is not reported by or available from Rueters, the interest rate to be reset on the first day of each Renewal Term shall be the one (1) year LIBOR Rate provided by such other service or vendor as may be designated by the Lender on the date that is one (1) business day preceding the first day of each Renewal Term Date

Repayment shall be made as follows: During the "Initial term" of this note the Borrower will pay the Lender monthly payments consisting of **INTEREST ONLY** at the rate set forth above, each in the amount of **$3,529.17** (until the first day of the first "Renewal Term"). **In the event this note is automatically renewed for a "Renewal Term", the Borrower's monthly payment of INTEREST ONLY may change after the first day of each Renewal Term"**
The Borrower's monthly payment shall commence one month from the date of this note and continue on the same day of each month thereafter until this note terminates at the end of the "Initial Term" or one of the "Renewal Terms" at which time all unpaid principal and interest shall be due and payable.

Monthly payments shall be made at the Lender's address listed above or at any other place or via any method that the Lender requires. All payments, including insufficient payments, shall be credited, regardless of their designation by Borrower, first to outstanding late charges, fees or expenses then to interest on unpaid principal balances to the date payment is received by the Lender and then to principal.

1

This Renewable Term Loan Note has a per annum interest rate floor of **3.50%. This means that the per annum interest rate of this Note shall <u>never</u> be less than 3.50%.** Interest shall be calculated on the basis of a 30 day month/360 day year.

The Lender may charge any account of the Borrower for any payment to the Lender hereunder.

**PREPAYMENT:** During the first year of this note and during the first 90 days of each "Renewal Term", prepayment in whole or in part may be made at any time upon payment of a prepayment fee of 1.00% percent on the principal amount prepaid, together with interest on the outstanding principal balance to the date of prepayment. At all other times, this note may be prepaid in whole or in part, together with the interest then accrued, without a prepayment fee. All prepayments shall be applied to payments due in inverse order of maturity and shall not defer the payment schedule.

**DEFAULT INTEREST RATE:** The unpaid principal sum under this Note shall bear interest at a rate equal to five (5%) per centum above the Rate set forth above on and after the occurrence of any event of default and until the entire principal sum hereof has been fully paid, both before and after the entry of any judgment, but in no event shall the rate either before or after the occurrence of an event of default exceed the highest rate of interest, if any, permitted under applicable New York or Federal Law.

**RIGHT OF OFFSET:** If any payment is not made on time, or if the entire balance becomes due and payable is not paid, all or part of the amount due may be offset out of any account or other property which Borrower has at Capital One Taxi Medallion Finance deposited at Capital One, N.A., without prior notice or demand. This right does not extend to any IRA, pension or other tax deferred deposit accounts maintained at Capital One Taxi Medallion Finance or Capital One Bank by Borrower. This provision is in addition to and not in limitation of any right of common law or by statute.

**LATE CHARGES:** Undersigned will pay a charge of 4% of the amount of any payment which is not made within ten (10) days of when due, or, if applicable, which cannot be debited from its account due to insufficient balance on the debit date.

**SECURITY:** This Note is secured by:

(1)     A security interest in and assignment and pledge of all monies, deposits, or other sums now or hereafter held by the Lender or Capital One Bank on deposit, in safekeeping, transit or otherwise, at any time credited by or due from the Lender or Capital One Bank to the Borrower, or in which the Borrower shall have an interest;

(2)     A security interest in all assets of the Borrower; and

(3)     The guaranty of <u>JACOB ELBERG and JEB MANAGEMENT CORP.</u>

**DEFAULT:** The Lender may declare the entire unpaid balance of the Note due and payable on the happening of any of the following events:

(a) Failure to pay any amount required by this Note when due, or any other obligation owed to the Lender by Borrower or any Guarantor, or if applicable, failure to have sufficient funds in its account for loan payments to be debited on the due date.

(b) Failure to perform or keep or abide by any term, covenant or condition contained in this Note, the Guaranty, the Term Loan Agreement, the Security Agreement, or any other document

given to the Lender in connection with this loan.

(c) The filing of a bankruptcy proceeding, assignment for the benefit of creditors, issuance of a judgment, execution, garnishment, or levy against, or the appointment of a representative of any kind for the commencement of any proceeding for relief from indebtedness by or against the Borrower or any Guarantor.

(d) The happening of any event which, in the judgment of the Lender, adversely affects Borrower's or any Guarantor's ability to repay or the value of any collateral; or

(e) If any written representation or statement made to the Lender by Borrower or any Guarantor is untrue.

(f) If any written representation, covenant or warranty made to the Lender by Borrower or any Guarantor is breached.

(g) The occurrence of a default under the Guaranty, the Term Loan Agreement, the Security Agreement, or any other document or instrument given to the Lender in connection with the loan;

(h) Death or inability to manage the affairs of any individual Borrower or Guarantor ; dissolution or a change in composition of a partnership borrower or guarantor; dissolution, merger, or consolidation of a corporate borrower or guarantor; or transfer of any beneficial ownership interest in the Borrower or any Guarantor.

(i) Failure to provide any financial information on request or permit an examination of books and records.

(j) The commencement of any proceeding against Borrower or Guarantor the remedy of which is forfeiture.

(k) Any default by any other corporate entity (which may or may not be owned, in whole or in part, by the Borrower's shareholder[s] or Guarantor[s] hereunder) or other limited liability company (which may or may not be owned, in whole or in part, by the Borrower's member[s] or Guarantor[s] hereunder) for which the Borrower's shareholder(s) or member(s) or the Guarantor(s) have guaranteed the due payment of any obligation owing to the Lender under any other promissory note, loan agreement or other instrument or agreement with or in favor of the Lender.

Notwithstanding the foregoing, the balance of this Note shall become immediately due and payable upon the occurrence of any of the events set forth in (c) above, and, if this is a demand note, the Lender may declare the balance of this Note due at any time.

**ATTORNEYS FEES:** In the event the Lender retains counsel with respect to enforcement of this Note or any other document or instrument given to the Lender, the undersigned agrees to pay the Lender's reasonable attorneys fees (whether or not an action is commenced and whether or not in the court of original jurisdiction, appellate court, bankruptcy court, or otherwise).

**MISCELLANEOUS:** Delay or failure of the Lender to exercise any of its rights under this Note shall not be deemed a waiver thereof. No waiver of any condition or requirement shall be binding unless in writing and no such written waiver shall operate as a waiver of any other or subsequent condition or requirement. The Lender or any other holder of this Note does not have to present it before requiring payment. **The undersigned, to the extent permissible by law, waives trial by jury, offset and counterclaim with respect to any action arising out of or relating to this Note.** This Note may not be modified or terminated orally. This Note shall be governed by the laws of the State of New York without regard to its conflict of laws rules. The undersigned irrevocably consents to the jurisdiction and venue of the New York State Supreme Court sitting in Suffolk County or the United States District Court sitting in the Eastern District of New York or in any action or proceeding arising out of or relating to $_3$this Note. The Lender may accept partial

payments marked "in full" without waiving any of its rights hereunder. Any payments made after maturity or acceleration will not reinstate the Note.

**OTHER PROVISIONS: NONE.**

BRACHA CAB CORP.                                      (BORROWER)

By _____
President/Secretary: JACOB ELBERG

Capital One Taxi Medallion Finance is a trade name of All Points Capital Corp. All Points Capital Corp. is a subsidiary of Capital One Bank. Capital One Bank is a trade name of Capital One, N.A. and does not refer to a separately insured institution. Member FDIC.

STATE OF NEW YORK    )
                                      )ss:
COUNTY OF NEW YORK  )

On the 1ST day of AUGUST, 2012, before me came JACOB ELBERG, to me known, who being duly sworn, did depose and say that he is the President and Secretary of BRACHA CAB CORP., the corporation described herein, and which executed the foregoing instrument; and that he signed his name thereto.

_____
Mark S. Gallagher
Notary Public State of New York; No. 31-02GA4722968
Qualified in New York County; Commission Expires August 31, 2014

4