# GINSBURG & MISK LLP

Attorneys At Law
215-48 Jamaica Avenue
Queens Village, New York 11428
------
(718) 468-0500
Fax (718) 468-0592

February 22, 2018

**Via ECF Only**

Honorable Nancy Hershey Lord, USBJ
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

    **Re:  Bracha Cab Corp., et al.**
    **Case No. 1-17-46613 (NHL) Jointly Administered**

Dear Judge Hershey Lord:

    This office represents potential creditor Jack Margossian in the above-referenced matter. Enclosed please find a Stipulation executed by the undersigned and debtor's counsel regarding limited relief from the automatic stay pursuant to Bankruptcy Code §362-a.

    I would respectfully request that Your Honor So Order the Stipulation which is attached hereto.

    Feel free to contact me if you have any questions.

Very truly yours,

GERARD N. MISK

GNM:de
Enclosure

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X
In re:                                                Chapter 11

BRACHA CAB CORP., et al.                              Case No.
                                                     1-17-46613 (NHL)

                          Debtors.
                                                     Jointly Administered
--------------------------------------------X

## STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM
## THE AUTOMATIC STAY AS IT APPLIES TO JACK MARGOSSIAN

This Stipulation and Order granting limited relief from the automatic stay as it applies to Jack Margossian ("the Stipulation") is made by and between Rosenberg Musso & Weiner as attorneys for the Estate of Jackhel Cab Corp. ("Debtor") and Jack Margossian, acting by and through their undersigned counsel (the "Parties").

### RECITALS

A.    On December 11, 2017 (petition date), a Petition for leave under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code) was filed by Debtor Jackhel Cab Corp.;

B.    On January 19, 2018, the Bankruptcy Court entered an Order consolidating debtor's case with fourteen related other entities and providing for joint administration under the above caption;

C.    Unaware of the filing of the Petition on December 11, 2017, an action was commenced by Jack Margossian on January 10, 2018 in Supreme Court of the State of New York, County of Queens against Debtor Jackhel Cab Corp. in connection with a car accident which occurred on November 9, 2017. Said action was assigned Index

No. 700423/18 (the "Action"); and

D.   Jack Margossian seeks relief from the automatic stay pursuant to Bankruptcy Code §362-a to permit prosecution of the action, *nunc pro tunc*, including the enforcement of any judgment obtained, but only to the extent of Debtor's existing insurance coverage insofar as such proceeds are not an asset of the Debtor's estate or otherwise available to the creditor body.   Upon information and belief, to date no trustee has been appointed though a motion for, *inter alia*, the appointment of a Chapter 11 Trustee is pending before this Court.

## TERMS AND CONDITIONS

1.   The automatic stay is hereby modified to permit Jack Margossian to continue the prosecution of the Action *nunc pro tunc* including the enforcement of any judgment or settlement, but only to the extent of the limits of existing insurance coverage that may be applicable to the Action, provided, however, that any settlement of the Action, or judgment rendered in the Action, may not exceed the applicable limits for any such insurance coverage, and provided further that the Trustee, should one be appointed, shall have no obligation to take part in, spend time on or expend any assets of Debtor's estate in connection with any aspect of the Action including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests.

2.   Jack Margossian hereby waives and releases any and all claims Jack Margossian may have: (a) against the Debtor's estate,

whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; and (b) against the Trustee's and/or Debtor's insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention.

3.      Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Debtor and/or any of its respective employees named in the Action (the "Covered Employees") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Employees with respect to the Action are hereby expressly reserved.

4.      Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5.      Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6.      This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

7.      This Stipulation may only be amended or otherwise

modified by a signed writing executed by the Parties or by further order of the Bankruptcy Court.

8.     The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms.

9.     This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10.    This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11.    The Bankruptcy Court may retain jurisdiction to resolve and disputes or controversies arising from or related to this Stipulation.

12.    This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflicts of laws.

13.    This Stipulation shall not be effective until it is so

ordered by he Bankruptcy Court.

Dated: Brooklyn, New York                Dated: Queens Village, New York
        February 16, 2018                        2D          , 2018


ROSENBERG MASSO & WEINER LLP             GINSBURG & MISK LLP

By:                                      By:
    BRUCE WEINER, ESQ.                        GERARD N. MISK, ESQ.
    Attorney for Debtor                       Attorney for JACK MARGOSSIAN
    26 Court Street-Suite 2211                215-48 Jamaica Avenue
    Brooklyn, NY 11242                         Queens Village, NY 11428
    (718) 855-6840                             (718) 468-0500



IT IS SO ORDERED:



_____
Nancy Hershey Lord
United States Bankruptcy Judge