TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY  10022
Tel: (212) 704-6000
Jonathan D. Forstot
David A. Pisciotta
Alissa K. Piccione

*Attorneys for Capital One Equipment Finance*
*Corp., f/k/a All Points Capital Corp., d/b/a*
*Capital One Taxi Medallion Finance*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                              :   Chapter 11
                                                                    :
BRACHA CAB CORP., *et al.*,                          :   Case No. 1-17-46613 (NHL)
                                                                    :
                                                                    :   *Jointly Administered*
                               Debtors.                   :
                                                                    x
-------------------------------------------------------------

**CAPITAL ONE EQUIPMENT FINANCE CORP.'S OBJECTION TO DEBTORS'**
**MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL**

Capital One Equipment Finance Corp. f/k/a All Points Capital Corp., d/b/a Capital One

Taxi Medallion Finance ("COTMF"), by and through its undersigned counsel, files this objection

(the "Objection") to the *Debtors' Motion for Authorization to Use Cash Collateral* [Doc. No. 29]

(the "Cash Collateral Motion").  In support of the Objection, COTMF states as follows:

**INTRODUCTION**

The above-captioned debtors (the "Debtors") do not require use of COTMF's cash

collateral because they are not operating businesses with legitimate business expenses.  The

Debtors are shell companies that do nothing other than receive passive income from the lease of

their taxicab medallions.  COTMF respectfully submits that the expenditures that the Debtors have

proposed in the Cash Collateral Motion are unnecessary, wasteful, and fail to benefit the Debtors'

estates.  Notably, the Debtors have requested authority to pay a salary to Esma Elberg as an "officer" without explaining what she actually does for the Debtors and why she is entitled to any payment.  The Debtors' silence makes clear that there is no reason for Esma Elberg to receive a salary from the Debtors.  The purported expense that the Debtors have designated as a salary is really an unlawful shareholder dividend that this Court should not sanction.  The request for authority to pay Esma Elberg is particularly egregious considering that: (i) Esma Elberg does not know even the most basic details about the Debtors that an "officer" would be expected to know; and (ii) she previously took a substantial dividend from the Debtors while they were insolvent, which violated New York law.  Moreover, the Debtors also seek to spend COTMF's cash collateral on "rent and utilities" for the "use" of Esma's house.  Therefore, as set forth below, the Debtors' Cash Collateral Motion should be denied.

## BACKGROUND

1.     On December 8, 2017, Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Tamar Cab Corp., and NY Genesis Taxi Corp. each filed petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

2.     On December 11, 2017, Jarub Trans Corp., Somyash Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Canteen Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp., and Lechaim Cab Corp. commenced their cases by filing chapter 11 petitions with the Bankruptcy Court.

3.     The Debtors are debtors in possession operating pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2

4.     The Bankruptcy Court entered an order on January 19, 2018 consolidating the Debtors' cases for procedural purposes only and directing that they be jointly administered by the Court.

5.     On February 13, 2018, COTMF filed the *Motion of Capital One Equipment Finance Corp. to Vacate the Automatic Stay or, in the Alternative, Dismiss or Convert the Debtors' Cases or Appoint a Chapter 11 Trustee* with supporting documents [Doc. Nos. 23, 24, 25 & 26] (the "COTMF Motion").

6.     COTMF is a pre-petition lender with a first-priority security interest in substantially all the Debtors' assets, including all the Debtors' New York City taxicab medallions (collectively, the "Medallions") and any proceeds thereof; all leases of the Medallions and rent payments; and all the Debtors' deposit accounts and receivables.[1]  COTMF perfected its security interests by filing UCC financing statements with the New York Department of State.  As evidenced by the Debtors' schedules of assets and liabilities, COTMF is the only real creditor in these cases and the Debtors lack equity in the Medallions.

7.     On February 16, 2018, the Debtors filed the Cash Collateral Motion.  The Debtors admit that their "Net Income"[2] is COTMF's cash collateral and propose to pay COTMF the Net Income less the amounts allegedly needed to cover the Debtors' expenses while in chapter 11.

8.     By the Cash Collateral Motion, the Debtors seek to use COTMF's cash collateral on unnecessary, unreasonable, and unjustified expenses that fail to benefit their estates.  These

---

[1] COTMF respectfully refers the Court to its Motion for a complete factual background regarding COTMF's relationship with the Debtors and its secured claims.

[2] The Debtors define "Net Income" as the income received from the taxi medallion management companies "less expenses of management and the management fee."  Cash Collateral Motion ¶ 4.  If the "Net Income", i.e., the rental payments, are below market for taxi medallion leases, which COTMF suspects, then it raises the issue of whether the arrangements with the management companies were negotiated at arm's length.  To the extent that they were not negotiated at arm's length, COTMF reserves the right to seek a determination that the management expenses and fees are COTMF's cash collateral and to object to those management costs.

3

Debtors do not belong in chapter 11, and requiring COTMF to subsidize their cases is inequitable. Notwithstanding the Debtors' proposal to make adequate protection payments, COTMF is not adequately protected. COTMF's claims are undersecured, and there is no "equity cushion" in the collateral to protect COTMF's interests. Therefore, the Court should deny the Cash Collateral Motion in its entirety or, alternatively, direct the Debtors to submit further disclosures and a revised budget pursuant to which the sums earmarked for the costs addressed below are instead used to increase Net Income and supplement the proposed adequate protection payments to COTMF.

## OBJECTION

9.     The Debtors' request for authorization to use COTMF's cash collateral should be denied. As a threshold matter, an order vacating the automatic stay or dismissing these chapter 11 cases is imminent for the reasons set forth in COTMF's Motion.[3]   Once effective, such an order will permit COTMF to, among other things, exercise its state law rights and remedies with respect to the Medallions (the sole source of the monthly Net Proceeds) and, to the extent the Court orders dismissal, render the Cash Collateral Motion moot.

10.     Section 363(c)(2) of the Bankruptcy Code prohibits a debtor in possession from using cash collateral unless: "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use." 11 U.S.C. § 363(c)(2). Cash collateral includes "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest." *Id.* § 363(a). The Court must "prohibit or condition" use of cash collateral "as is necessary to provide adequate protection" of the secured creditor's interest. *Id.* § 363(e).

---

[3] The hearing on COTMF's Motion is scheduled for March 7, 2018, the same date that the Court is scheduled to hear the Cash Collateral Motion.

34199148v2

11.     The Debtors correctly state in the Cash Collateral Motion that the Net Proceeds are COTMF's cash collateral.  Pursuant to the security agreements executed in connection with the loans to the Debtors, COTMF has security interests in the lease payments comprising Net Income, which COTMF perfected by filing UCC financing statements.  *See* N.Y. U.C.C. Law § 9-315(c) (McKinney) ("A security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected.").  Because COTMF does not consent to the use of its cash collateral, the Debtors must obtain this Court's approval before using the Net Proceeds.

12.     The proposed budget (the "Budget") annexed to Cash Collateral Motion as Exhibit A includes line items that are unreasonable and, if approved, will allow the Debtors to dissipate COTMF's collateral without any corresponding benefit for the estates.  The Debtors are mere holding companies whose only function is to receive passive income under leases with third parties for the use of their Medallions.  And, as the Debtors admit, the Medallions—their sole assets—are already being "managed" by the management companies.  Therefore, there is no work for a corporate officer, here Esma Elberg, that justifies any salary.

13.     In fact, the Debtors do not even argue that Esma Elberg is providing services for the Debtors that entitle her to a salary.  The Cash Collateral Motion is devoid of any details regarding what—if anything—she does. Characterizing Esma Elberg as an "officer" is inaccurate because she does not perform any functions associated with such a role or any salaried position. Rather, she is a shareholder only and is asking this Court to authorize an unlawful equity distribution while the Debtors are insolvent and in bankruptcy.  Any personal need or desire for regular income that Esma Elberg may have is irrelevant to this Court's consideration of whether to authorize the Debtors' proposed use of COTMF's cash collateral.  Accordingly, the Court must deny the Debtors' request to pay a "salary" to Esma Elberg that is really a shareholder dividend.

34199148v2

14.     Further, Esma Elberg is undeserving of a salary given her clear inability to run the Debtors' operations, as modest as they may be.  While the Debtors each scheduled a "shareholder loan" in the amount of approximately $1,000,000, Esma Elberg could not provide any information regarding these loans.  *See* 341(a) Hr'g Tr. 43:11 – 45:15. [4]  It is even more troubling, however, that Esma Elberg took a substantial shareholder distribution of approximately $6,000 to $21,000 from each Debtor (except for Jarub Trans Corp.) on the eve of bankruptcy, which likely violated section 510(a) of the New York Business Corporation Law.  *See* N.Y. Bus. Corp. Law § 510(a) (McKinney).  Given the limited scope of the Debtors' operations and Esma Elberg's managerial incompetence, an officer's salary is an unwarranted expense.

15.     The proposed expenditure for "office rent & utilities" is likewise completely unnecessary because Esma Elberg's residence serves as the Debtors' "offices".  *See* Hr'g Tr. 18:7-16.  This purported expense is additional compensation for Esma Elberg disguised as rent.

16.     COTMF objects to the proposed compensation for the bookkeeper—who works for the Debtors and non-debtor entities—because it is unclear whether these expenses are reasonable expenses *of the Debtors' estates* incurred in the ordinary course of *their* business.  The Debtors have failed to provide how the bookkeeper's services are apportioned among the Debtors and non-debtor entities.  Simply put, COTMF's cash collateral should not be spent on costs incurred by non-debtors.  Likewise, the Debtors have not demonstrated a need for a bookkeeper. The Debtors do nothing other than receive lease payments.  To the extent that the Debtors allege that a bookkeeper is necessary for preparing monthly operating reports, COTMF's cash collateral should

---

[4] A copy of the transcript of the §341(a) meeting of creditors at which Esma Elberg testified on behalf of the Debtors is attached as Exhibit A to the *Declaration of Jonathan D. Forstot in Support of Motion of Capital One Equipment Finance Corp. to Vacate the Automatic Stay or, in the Alternative, Dismiss or Convert the Debtors' Cases or Appoint a Chapter 11 Trustee* [Doc. No. 25].

34199148v2

not be wasted on that expense because these Debtors should not be in bankruptcy at all. Because the Debtors have not shown that the proposed compensation for the bookkeeper is commensurate with the services that will be provided to the Debtors, their request to use COTMF's cash collateral for that expense should be denied.

17.    COTMF submits that the proposed expense for an accountant is unnecessary and premature. The Debtors have failed to show why retaining an accountant is necessary. When the Debtors move to retain an accountant, COTMF and the Debtors can agree to a carve out for such fees.[5]

18.    The adequate protection payments that the Debtors have proposed in the Cash Collateral Motion are insufficient to fully protect COTMF's interests—even if supplemented by the funds currently designated for officer salary, rent, bookkeeper's fees, and accountant compensation. In addition to the cash collateral, COTMF's claims are secured by the Medallions. The value of the Medallions is—and has been—declining, and there is no "equity cushion" in the collateral to otherwise protect COTMF's interests. *See* COTMF's Memorandum of Law at 11-12 [Dkt. No. 26]. Therefore, the Debtors lack the means to fully protect COTMF's secured claims from erosion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, COTMF respectfully requests that the Court sustain COTMF's Objection and enter an order (i) denying the Debtors' Cash Collateral Motion in its entirety or, alternatively, conditioning approval on the Debtors submitting further disclosures

---

[5] "[A]bsent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses . . . to the extent these expenses directly benefited that secured creditor" but "if a secured party consents to allowing such administrative expenses, that party may be liable for such expenses even in the absence of conferred benefit." *Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortg. Corp. (In re Blackwood Assocs., L.P.)*, 153 F.3d 61, 68 (2d Cir. 1998).

34199148v2

and a revised budget pursuant to which the sums earmarked for officer salary, rent, bookkeeper's

fees, and accountant compensation are instead used to increase Net Income and supplement the

proposed adequate protection payments to COTMF; and (ii) granting such other and further relief

as this Court deems just and proper.

Dated: New York, New York
        February 27, 2018                    TROUTMAN SANDERS LLP


                                             By: _s/_Jonathan D. Forstot_____
                                                 Jonathan D. Forstot
                                                 David A. Pisciotta
                                                 Alissa K. Piccione
                                                 875 Third Avenue
                                                 New York, New York 10022
                                                 Tel: (212) 704-6000

                                             *Attorneys for Capital One Equipment Finance
                                             Corp., f/k/a All Points Capital Corp., d/b/a
                                             Capital One Taxi Medallion Finance*