UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,                                    Chapter 11

          Debtors.                                    Case No. 17-46613-nhl
                                                     Jointly Administered
-----------------------------------------------------x

## DEBTORS' MOTION TO INCREASE ITS EXCLUSIVE
## PERIOD FOR FILING A PLAN OF REORGANIZATION

      **PLEASE TAKE NOTICE** that upon the annexed application of Bracha Cab Corp.,

Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Jarub Trans Corp.,

Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY

Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel

Cab Corp.,  debtors and debtors and debtor-in-possession, ("Debtors"), by ita attorneys,

Rosenberg, Musso & Weiner, LLP,  a motion will be made before Honorable Carla E. Craig,

Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza

East, Brooklyn, New York, on April 26, 2018 at 11:00 a.m., or as soon thereafter as counsel can

be heard, for an order pursuant to 11 U.S.C. §1121(d) increasing the Debtors' exclusive period to

file their plans of reorganization and for soliciting acceptances thereto for a period of ninety (90)

days, together with such other and further relief as may be deemed just and proper in the

premises.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Bankruptcy Rules of the Eastern District of New York, and must be filed on or before April 19,

2018 with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in

accordance with General Order M-182) which may be accessed through the internet at

https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange

software for conversion, or (b) if a party is unable to file electronically, such party shall submit

the response or objection in PDF format on a diskette in an envelope with the case name, case

number and title of document: or (c) if a party is unable to file electronically or use PDF format,

such party shall submit the response or objection on a diskette in either Word, Word Perfect, or

DOS test (ASCII) format.  A response or objection filed by a party with no legal representation

shall comply with section (b) or (c) as set forth above. All responses or objections shall further be

served upon (i) the attorneys for the Debtors, Rosenberg, Musso & Weiner, Counsel for Debtor,

26 Court Street, Suite 2211, Brooklyn, NY 11242, (Att: Bruce Weiner, A Member of the Firm)

and (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New

York 10014, so as to be actually received no later than 12:00 p.m. (EST) on April 19, 2018.

Dated: Brooklyn, New York
     April 4, 2018

          Rosenberg, Musso & Weiner, LLP
          Attorneys for Debtor and Debtor-in-Possession

          By:____/s/_____
               Bruce Weiner
               26 Court St., Suite 2211
               Brooklyn, New York 11242
               (718) 855-6840

TO:

Office of the U.S. Trustee
201 Varick Street, Suite 1006
New York, NY 10014

All creditors and parties in interest

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,                                    Chapter 11

                Debtors.                          Case No. 17-46613-nhl
                                       Jointly Administered

------------------------------------------------------x

## APPLICATION IN SUPPORT OF MOTION
## TO INCREASE EXCLUSIVE PERIOD TO FILE PLAN

The application of Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab

Corp., Fit Taxi Corp., Jarub Trans Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim

Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi

Corp., NY Energy Taxi Corp., Jackhel Cab Corp.,  debtors and debtors and debtor-in-possession,

("Debtors"), by their attorneys, Rosenberg, Musso & Weiner, LLP respectfully shows this

Honorable Court and alleges:

        1.        On December 8, 2017, Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp.,

Merab Cab Corp., Fit Taxi Corp., Tamar Cab Corp., and NY Genesis Taxi Corp. filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code. On December 11, 2017, Jarub Trans

Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY

Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel

Cab Corp. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On

January 19, 2018, this Court entered an order procedurally consolidating the cases filed by the

Debtors and directing that they be jointly administered by the Court.

        2.        The Debtors operate 15 related businesses at 1281 Carroll Street, Brooklyn, New

York that together own 35 taxi medallions. Each of the medallions is used by a New York City

taxi cab and each generates income for the Debtors. Capital One Equipment Finance Corp.

("Capital One") holds the security interest in the medallions and the revenue generated by the medallions.

3.      Section 1121(b) of the Bankruptcy Code states that only a debtor may file a plan until after 120 days from the order for relief and if a debtor files a plan within the 120 day exclusive period, it has 180 days after the order for relief to obtain acceptance of such plan. Section 1121(d)(1) of the Bankruptcy Code states that on request of a party in interest made within the 120 day period, the court for cause may increase the debtor's 120 exclusive period to file a plan and the 180 day period to obtain acceptances of the plan. April 7, 2018 is 120 days after the order for relief in the cases filed by Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Tamar Cab Corp., and NY Genesis Taxi Corp. and April 10, 2018 is 120 days after the order for relief in the cases filed by Jarub Trans Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., and Jackhel Cab Corp. By this motion filed within 120 days of the order for relief, the Debtors request that this court increase their exclusive period to file their plans of reorganization for an additional 90 days and its time for obtaining acceptances for 90 days.

4.      Courts have used several factors in determining whether a debtor has shown cause for an extension, the size and complexity of the case, the need for sufficient time to negotiate, good faith progress towards reorganization, whether the debtor is paying its debts as they come due, whether the debtor has reasonable prospects for reorganization, progress in negotiating with creditors, length of time case is pending, whether debtor seeks extension to pressure creditors, and existence of unresolved contingencies. *In re Adelphia Communications*, 352 B.R. 578, 587-90 (Bankr. S.D.N.Y. 2006). One court found that the most important factor is

whether terminating exclusivity would move the case forward. *In re Dow Corning Corp.*, 208

B.R. 661, 670 (Bankr. E.D. Mich 1997).

5.      Many of the factors exist in this case. The Debtors are making good faith

progress towards reorganization. The Debtors have negotiated a cash collateral agreement with

Capital One, which should be presented to the Court within a few days from the date of this

motion. The Debtors have already begun to make payments to Capital One. The Debtors intend

to meet with Capital One to negotiate a settlement which will be incorporated into a plan of

reorganization. The Debtors expect to resolve issues in the family of the Debtors' principal to

permit a joint settlement proposal to be made.  If the Debtors' request for an increase of its

exclusive time to file a plan is not granted, there is a likelihood that Capital One will file a plan

providing for the immediate sale of the Medallions. It would also give Capital One an unfair

advantage in negotiations with the Debtors which would not move the case forward. Capital One

filed a motion to dismiss these cases or for relief from the stay, and it can protect its rights in the

motion. The Debtors' cases have been pending for less than 120 days and the Debtors request a

90 day increase of their time to file its plan of reorganization and a 90 day extension of their time

to obtain acceptances to the plan.

6.      As a result of the foregoing, the Debtors submit that they has shown cause for a

90 day increase of their exclusive time to file their plans of reorganization and a 90 day increase

of their time to obtain acceptances to the plan.  A proposed order is annexed as Exhibit A.

7.      Request is hereby made that this Court waive the requirement of the filing of a

memorandum of law in support of this motion as no novel issue of law is presented with respect

hereto.

WHEREFORE, the Debtor respectfully prays for the relief sought herein for which no

previous application has been made.

Dated: Brooklyn, New York
     April 4, 2018             Rosenberg, Musso & Weiner, LLP
                                  Attorneys for the Debtors

By:   /s/
                      Bruce Weiner
                      26 Court St., Suite 2211
                      Brooklyn, New York 11242
                      (718) 855-6840