UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,                      Chapter 11
                                                            Case No. 17-46613-nhl
                         Debtors.                      Jointly Administered
-----------------------------------------------------------------x
Bracha Cab Corp, Dabri Trans Corp, Dovber Cab Corp,
Fit Taxi, Corp, Jackhel Cab Corp, Jarub Tans Corp, Lechaim
Cab Corp, Merab Cab Corp, NY Canteen Taxi Corp,
Ny Energy Taxi Corp, NY Genesis Taxi Corp,
NY Stance Taxi Corp, NY Tint Taxi Corp,
Somyash Taxi Corp, and Tamar Cab Corp,
                     Plaintiffs,
              v.

The Estate of Jacob Elberg, JEB Management Corp,
SHEFA Funding LLC, Royal One Real Estate LLC, and
Royal Real Estate Management, LLC,
                     Defendants.
-----------------------------------------------------------------x

## NOTICE OF MOTION OF DEBTORS FOR AN ORDER APPROVING THE SETTLEMENT BETWEEN THE DEBTORS, THE DEFENDANTS, AND CAPITAL ONE EQUIPMENT FINANCE CORP.

Please take notice that Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp., debtors and debtors and debtor-in-possession, ("Debtors"), by their attorneys, Rosenberg, Musso & Weiner, LLP, will move this Court before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3577, on June 27, 2019 at 2:30 p.m. or as soon thereafter as counsel may be heard, for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the settlement agreement (the "Settlement Agreement") annexed as Exhibit A between the Debtors, the Defendants, and Capital One Equipment Finance Corp. f/k/a All Points Capital Corp, d/b/a Capital One Taxi Medallion Finance ("COTMF"), authorizing Tamar Pewzner, as co-executor of the Estate of Jacob Elberg to remit the amounts to COTMF provided for in the Settlement Agreement, and directing JP Morgan Chase to release any hold on such funds so that the payment to COTMF can be made.

PLEASE TAKE FURTHER NOTICE, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before June 20, 2019 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Debtors, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., on the attorneys for the Defendants, Brett Berman, Esq., Fox Rothschild LLP, 101 Park Avenue, Suite 1700, New York, New York, 10178, and Charles Liebman, Esq., Johnson Liebman LLP, 305 Broadway, Suite 801, New York, New York 10007, the attorneys for Esma Elberg, Robert W. Piken, Esq., Piken and Piken, 630 Third Avenue, New York, New York 10017, and the attorneys for the Capital One, Jonathan Forstot, Esq., Troutman Sanders LLP, 875 Third Avenue, New York, New York 10022, on or before June 20, 2019 at 5:00 p.m. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

PLEASE TAKE FURTHER NOTICE, that the failure of any objecting person or entity receiving Notice to file an Objection thereto on a timely basis may be a bar to the assertion of any Objection to the Application.

Dated: Brooklyn, New York
June 3, 2019

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for the Debtors

By: /s/ 
Bruce Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,                              Chapter 11

        Debtors.                              Case No. 17-46613-nhl
                                                                                                 Jointly Administered
-------------------------------------------------------x
Bracha Cab Corp, Dabri Trans Corp, Dovber Cab Corp,
Fit Taxi, Corp, Jackhel Cab Corp, Jarub Tans Corp, Lechaim
Cab Corp, Merab Cab Corp, NY Canteen Taxi Corp,
Ny Energy Taxi Corp, NY Genesis Taxi Corp,
NY Stance Taxi Corp, NY Tint Taxi Corp,
Somyash Taxi Corp, and Tamar Cab Corp,

        Plaintiffs,

        v.

The Estate of Jacob Elberg, JEB Management Corp,
SHEFA Funding LLC, Royal One Real Estate LLC, and
Royal Real Estate Management, LLC,

        Defendants.
-------------------------------------------------------x

## APPLICATION IN SUPPORT OF MOTION
## TO APPROVE SETTLEMENT

      Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp., debtors and debtors and debtor-in-possession, ("Debtors"), by their attorneys, Rosenberg, Musso & Weiner, LLP, respectfully represents:

### BACKGROUND

      1.      On December 8, 2017 ("Filing Date"), Bracha Cab Corp., Dovber Cab Corp.,

Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Tamar Cab Corp., and NY Genesis Taxi Corp. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 11, 2017, Jarub Trans Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On January 19, 2018, this Court entered an order procedurally consolidating the cases filed by the Debtors and directing that they be jointly administered by the Court.

3. The Debtors have continued to manage and operate their businesses pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committees, trustees, or examiners have been appointed.

4. The Debtors[1] collectively own 29 licenses to operate taxi cabs in the City of New York (the "Medallions"). Capital One Equipment Finance Corp. f/k/a All Points Capital Corp, d/b/a Capital One Taxi Medallion Finance ("COTMF") has a perfected security interest in the Medallions pursuant to loans made by COTMF to the Debtors in August 1, 2012. Defendant JEB Management Corp. ("JEB"), and Jacob Elberg guaranteed all of the loans. COTMF filed a proof of claim in each of the Debtors' cases, which claims aggregate to $23,090,309.51.

5. At the time that COTMF made the loans Jacob Elberg was the sole shareholder and officer of all of the Debtors and he was the 50% shareholder of record of Jarub.[2] Jacob

---

[1] Jarub was one of the entities that filed a chapter 11 petition, but it is not included in the term "Debtors" for the purposes of this motion and it is not a party to the Settlement Agreement.

[2] The other 50% of the shares of Jarub are subject to a recovery action brought by the Estate of Jacob Elberg in the Surrogate's Court, Kings County.

Elberg was also the sole shareholder and officer of JEB. On December 20, 2013, Jacob Elberg died. The loans made by COTMF matured on January 1, 2015, and have not been paid. On or about June 9, 2015, COTMF presented a claim against the Estate of Jacob Elberg in the amount of $23,140,074.86.

6. On February 13, 2018, COTMF filed a motion for relief from the automatic stay or, alternatively, dismissal of the Debtors' cases. That motion is still pending before the Court. On February 16, 2018, the Debtors and Jarub filed a motion for authorization to use COTMF's cash collateral. The Debtors, and Jarub, entered into a cash collateral stipulation with COTMF, which stipulation was approved by the Court by order dated June 4, 2018. The cash collateral stipulation provided that COTMF has a valid, perfected and enforceable first priority lien on and security interest in and to the Medallions. The cash collateral stipulation also provided that the Debtors would make adequate protection payments to COTMF.

7. On May 25, 2018, the Debtors filed this adversary proceeding against the Defendants, including The Estate of Jacob Elberg and JEB, seeking to recover approximately $20,818,110.00 as the proceeds of unpaid loans from the Debtors to Jacob Elberg. By order dated this Court referred this adversary proceeding and the Debtors' dispute with COTMF to mediation and appointed Lori Lapin Jones (the "Mediator") as mediator. On November 28, 2018, COTMF, the Debtors, The Estate of Jacob Elberg, JEB, and SHEFA Finding LLC ("SHEFA") attended a mediation session with the Mediator and agreed to resolve all the disputes and claims among and between them.

8. The agreement among and between COTMF, the Debtors[3], the Estate of Jacob Elberg, JEB, and SHEFA is set forth in the agreement annexed as Exhibit A (the "Settlement

---

[3] As stated above, Jarub is not a party to the Settlement Agreement.

Agreement"). The Settlement Agreement provides that the Estate of Jacob Elberg, JEB, and SHEFA shall pay to COTMF $10,710,000.00, the Debtors shall transfer all of the Medallions to COTMF pursuant to section 363(f) of the Bankruptcy Code free and clear of any liens, claims, and encumbrances, the obligations owed by Jarub to COTMF shall be transferred to the Estate of Jacob Elberg, the Estate of Jacob Elberg, JEB, and SHEFA shall deposit $200,000.00 in an escrow account which COTMF may draw on to cover its fees and expenses in the event that Ruben Elberg, or a related person or entity, asserts any new claims against COTMF or related party as a result of this settlement, the Debtors, shall pay any outstanding TIF and other TLC charges relating to the Medallions, the Debtors shall transfer any remaining funds on deposit with COTMF or any of its affiliates to another bank and close any open accounts, and COTMF shall assign to the Estate of Jacob Elberg its judgment against Ruben Elberg and all of its claims against Merill Transit, Inc., Spindle Cab Corp., and Jarub. The Settlement Agreement grants the Debtors, other a release from all claims against them by COTMF. The Settlement Agreement provides that if this Court requires it, Tamar Pewzner, as executor of the Estate of Jacob Elberg, will diligently seek approval of this Settlement Agreement from the Surrogate's Court, Kings County. The parties to this Settlement Agreement submit that such approval is not necessary and that this Adversary Proceeding, and the agreement to mediate together with this Court's order directing mediation, gives this Court sufficient jurisdiction over the Estate of Jacob Elberg to approve this Settlement Agreement and authorize the parties to the Settlement Agreement to execute any documents and take all steps necessary to effectuate the Settlement Agreement, including authorizing Tamar Pewzner, as co-executor of the Estate of Jacob Elberg to remit the $10,710,000.00 and directing JP Morgan Chase to release any hold on such funds so that the payment to COTMF can be made.

9. The Debtors submit that the Settlement Agreement is in the best interests of the Debtors' estates and certainly falls above the lowest level of reasonableness. The Debtors owe more than $23 million to COTMF. The Debtors do not generate sufficient income to propose a viable reorganization plan to pay COTMF. Without the Settlement Agreement COTMF is likely to prevail in its motion to vacate the stay which would have resulted in COTMF repossession all of the Medallions. The only assets left to the Debtors would be the claims in this adversary proceeding, but COTMF also has claims against the Estate of Jacob Elberg and JEB. Under the Settlement Agreement, the Estate of Jacob Elberg, JEB, and SHEFA shall pay to COTMF $10,710,000.00 which is effectively a recovery by the Debtors of that amount without the costs and risks of litigation. Further, a repossession of the Medallions by COTMF would leave the Debtors with no money to fund the litigation against the Defendants. The Settlement Agreement allows the Debtors to keep their cash on hand and resolves all the issues in the Debtors' cases without any further costs or risks.

## BASIS FOR THE RELIEF REQUESTED

10. Federal Rule of Bankruptcy Procedure 9019 (a) permits this Court to approve a compromise or settlement. The Rule provides:

> (a) Compromise. On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

Neither Rule 9019 nor any other section of the Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements in bankruptcy cases are well established in precedent, focusing upon

whether the proposed settlement is reasonable and in the best interests of creditors. In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the seminal case on approval of settlements in bankruptcy cases, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating,

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has appraised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Id.*, 309 U.S. at 424 (citations omitted).

11.     The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the statement 'fall(s) below the lowest point in the range of reasonableness.' " *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) *cert. denied sub nom. Cosoff v. Rodman*, 464 U.S. 822 (1983). See, *Nellis v. Shugrue*, 165 B.R. 115, 121-22 (S.D.N.Y. 1994); *In re Purofield Down Products Corp.*, 150 B.R. 519, 522-23 (S.D.N.Y. 1993); *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 287 (Bankr. S.D.N.Y. 1990); *In re Carla Leather, Inc.*, 44 B.R. 457, 470 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1984). The assessment of a settlement only requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." *Carla Leather*, 44 B.R. at 470.

12. In considering a proposed settlement, the court should be guided by a lenient standard, consistent with the theory that "little would be saved by the settlement process if (in order to approve a settlement) bankruptcy courts (were required to conduct)... an exhaustive investigation and determination of the underlying claims" in order to approve a settlement. *Purofield Down Products*, 150 B.R. at 522.

13. In deciding whether a proposed compromise is fair and equitable, reasonable, and in the best interests of creditors, courts in the Second Circuit follow the analysis first articulated by the Supreme Court in *Anderson*, as developed and applied by the case law. Thus, courts judge a proposed settlement based upon a consideration of some or all of the following factors:

(i) the relative benefits to be received by creditors under the proposed settlement;

(ii) the likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement;

(iii) the prospect of complex and protracted litigation if settlement is not approved;

(iv) the attendant expense, inconvenience and delay of litigation;

(v) the probable difficulties of collecting on any judgment that might be obtained;

(vi) the competency and experience of counsel who support the proposed settlement;

(vii) the extent to which the settlement is the product of arm's length bargaining, and not the product of fraud or collusion;

(viii) the nature and breadth of any releases to be issued as a result of the proposed settlement; and

(ix) the paramount interest of the creditors and proper deference to their reasonable views.

See *City of Detroit v. Ginnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *In re Ionosphere Clubs,*

*Inc.*, 156 B.R. 414, 427 (S.D.N.Y. 1993); *Purofield Down Products*, 150 B.R. at 522; *International Distribution Centers*, 103 B.R. at 422; *In re Fugazy*, 150 B.R. 103, 106 (Bankr. S.D.N.Y. 1993); Drexel I, 134 B.R. at 497; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 506 (Bankr. S.D.N.Y. 1991) ("Drexel II); *Crowthers McCall*, 120 B.R. at 287; Texaco, 84 B.R. at 901; *In re Lion Capital Group, Inc.*, 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985); *Carla Leather*, 44 B.R. at 466; *Marshall v. Stein*, 33 B.R. at 43; *In re W.T. Grant Co.*, 4 B.R. 53, 69 (Bankr. S.D.N.Y.) *aff'd*, 699 F.2d 599 (2d Cir. 1983), *cert. denied sub nom.*

14. The Debtors respectfully submit that application of the relevant factors to this case shows that the settlement falls above the lowest point in the range of reasonableness and should be approved as fair and equitable.

15. The Settlement Agreement is the product of arms-length negotiations between the Debtors and experienced and competent counsel and is not the product of fraud or collusion. The parties to the Settlement Agreement reached the settlement after court ordered mediation with the Mediator.

16. The Debtors submits that the best interest of this estate will be served by approval of the Settlement Agreement. The Debtors are likely to lose COTMF's motion for relief of the stay which would result in repossession of the Medallions by COTMF and very likely no recovery against the Defendants in this adversary proceeding because of COTMF's claims against the Defendants. The Settlement Agreement resolves all the issues in the Debtors' cases and effectively gives the Debtors a recovery of more than $10 million in this adversary proceeding, all without the costs and risks of the Debtors' chapter 11 cases and the costs and risks of this adversary proceeding. Approval of the Settlement Agreement will result in this adversary proceeding being withdrawn with prejudice and without costs, see affirmation of Robert Piken,

Esq., annexed as Exhibit B. Accordingly, the Debtors respectfully submit that the Settlement Agreement is fair, reasonable, and in the best interest of the Debtors' estates, and should be approved.

17. A proposed order approving the Settlement Agreement is annexed as Exhibit C.

WHEREFORE, the Debtors respectfully requests that this Court approve the Settlement Agreement, and grant such further relief as is just and proper.

Dated: Brooklyn, New York  
      June 3, 2019

ROSENBERG, MUSSO & WEINER, LLP  
Attorneys for the Debtors

By:\_\_\_/s/_____  
Bruce Weiner  
26 Court Street, Suite 2211  
Brooklyn, New York 11242  
(718) 855-6840