# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:
Bracha Cab Corp. et. al.,                                    Chapter 11
                                                             Case No. 17-46613-nhl
                    Debtors.                                 Jointly Administered
-------------------------------------------------------------x
Bracha Cab Corp, Dabri Trans Corp, Dovber Cab Corp,
Fit Taxi, Corp, Jackhel Cab Corp, Jarub Tans Corp, Lechaim
Cab Corp, Merab Cab Corp, NY Canteen Taxi Corp,
Ny Energy Taxi Corp, NY Genesis Taxi Corp,
NY Stance Taxi Corp, NY Tint Taxi Corp,
Somyash Taxi Corp, and Tamar Cab Corp,

                Plaintiffs,
      v.

The Estate of Jacob Elberg, JEB Management Corp,
SHEFA Funding LLC, Royal One Real Estate LLC, and
Royal Real Estate Management, LLC,

                Defendants.
-------------------------------------------------------------x.

## ORDER AUTHORIZING AND
## APPROVING SETTLEMENT AGREEMENT

Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp., debtors and debtors and debtor-in-possession, ("Debtors"), having filed a motion (the "Debtors' Motion") pursuant to F.R. Bankr. P. 9019 ("Rule 9019") for approval of a settlement agreement (the "Settlement Agreement") between the the Debtors, the Defendants, and Capital One Equipment Finance Corp. f/k/a All Points Capital Corp, d/b/a Capital One Taxi Medallion Finance ("COTMF"), the Court having reviewed the motion and application supporting the Debtors' Motion filed by the Debtors, the Court having held a hearing on June 27, 2019 to

consider the Debtors' Motion and heard argument from the attorneys for the Debtors, the attorneys for the Defendants, and the attorneys for the COTMF in support of the Debtors' Motion, and                    appeared in opposition to the Debtors' Motion, and the Court having found that

    1.    Debtors' counsel are competent and very experienced in administering cases such as this one;

    2.    The Settlement Agreement is the product of arms-length bargaining;

    3.    Approval of the Settlement Agreement meets the criteria set forth in Rule 9019 and the applicable case law, and it appearing that the Settlement Agreement is fair and equitable and in the best interest of the estate, it is

ORDERED, that the Settlement Agreement annexed as Exhibit A to the Debtors' Motion is approved; and it is

ORDERED, that the Debtors and the parties to the Settlement Agreement are authorized and directed to execute any documents and take such action reasonably necessary to effectuate the terms of the Settlement Agreement, including that Tamar Pewzner, as co-executor of the Estate of Jacob Elberg, is authorized to remit the $10,710,000.00 and JP Morgan Chase is directed to release any hold on such funds so that the payment to COTMF can be made; and it is

ORDERED, that the automatic stay in effect under section 362 of the Bankruptcy Code is modified with respect to the taxi medallions owned by the Debtors (the "Medallions") so that the Debtors may transfer the Medallions to COTMF pursuant to section 363(f) of the Bankruptcy Code free and clear of any liens, claims, and encumbrances, and COTMF may obtain possession of the Medallions and cause their transfer to or as directed by COTMF without the need for further notice to any person or entity; and it is

ORDERED, that the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) are waived and COTMF may take possession of the Medallions upon entry of this order; and it is further

ORDERED, that this adversary proceeding is discontinued with prejudice and without costs.