UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:
Bracha Cab Corp. et. al.,                                                     Chapter 11
                                                                                     Case No. 17-46613-nhl
                          Debtors.                                     *Jointly Administered*
------------------------------------------------------------------------x
Bracha Cab Corp, Dabri Trans Corp, Dovber Cab Corp,
Fit Taxi, Corp, Jackhel Cab Corp, Jarub Tans Corp,
Lechaim Cab Corp, Merab Cab Corp, NY Canteen       Adv. Pro. No. 18-01064-nhl
Taxi Corp, NY Energy Taxi Corp, NY Genesis Taxi Corp,
NY Stance Taxi Corp, NY Tint Taxi Corp,
Somyash Taxi Corp, and Tamar Cab Corp,

                          Plaintiffs,
               v.
The Estate of Jacob Elberg, JEB Management Corp,
SHEFA Funding LLC, Royal One Real Estate LLC, and
Royal Real Estate Management, LLC,

                          Defendants.
------------------------------------------------------------------------x

## ORDER AUTHORIZING AND
## APPROVING SETTLEMENT AGREEMENT

        Bracha Cab Corp, Dovber Cab Corp, Dabri Trans Corp, Merab Cab Corp, Fit Taxi Corp, Somyash Taxi Corp, NY Canteen Taxi Corp, Lechaim Cab Corp, Tamar Cab Corp, NY Genesis Taxi Corp, NY Tint Taxi Corp, NY Stance Taxi Corp, NY Energy Taxi Corp, Jackhel Cab Corp, debtors and debtors-in-possession (collectively, the "Debtors"), having filed a motion (the "Debtors' Motion") dated June 3, 2019, pursuant to Fed. R. Bankr. P. 9019 ("Rule 9019") for approval of a settlement agreement (the "Settlement Agreement") between the Debtors, the Defendants, and Capital One Equipment Finance Corp. f/k/a All Points Capital Corp, d/b/a Capital One Taxi Medallion Finance ("COTMF"); and Ruben Elberg having filed an objection dated June 20, 2019 to the approval of the Debtors' Motion; and the Debtors having filed an affidavit of Tamara Pewzner, sworn to on June 13, 2019, and a response dated June 25, 2019, both in response to the objection filed by Ruben Elberg; and the Court having reviewed the

papers supporting the Debtors' Motion and Ruben's objection to the Debtors' Motion; and the Court having held a hearing on June 27, 2019 (the "Hearing") to consider the Debtors' Motion; and the Court having heard argument at the Hearing from the attorneys for the Debtors, the attorneys for the Defendants, and the attorneys for COTMF in support of the Debtors' Motion, and the attorneys for Ruben Elberg in opposition to the Debtors' Motion; and the Court having found that service of the Debtors' Motion was timely and proper; and upon the record of the Hearing, which is incorporated herein by reference; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Debtors' Motion [ECF No. 111] is granted to the extent set forth herein; and it is further

**ORDERED**, that the Settlement Agreement meets the criteria set forth in Rule 9019 and the applicable Second Circuit case law; and it is further

**ORDERED**, that the Settlement Agreement [ECF No. 112] is approved as set forth on the record of the Hearing; and it is further

**ORDERED**, that the objection filed by Ruben Elberg is overruled; and it is further

**ORDERED**, that the automatic stay in effect under section 362 of the Bankruptcy Code is modified with respect to the taxi medallions owned by the Debtors (the "Medallions") so that the Debtors may transfer the Medallions to COTMF pursuant to section 363(f) of the Bankruptcy Code free and clear of any liens, claims, and encumbrances, and COTMF may obtain possession of the Medallions and cause their transfer to or as directed by COTMF without the need for further notice to any person or entity; and it is further

**ORDERED**, that Adversary Proceeding Case No. 18-01064-nhl is discontinued with prejudice and without costs.



Dated: June 30, 2019
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge