UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| BRACHA CAB CORP., et al. | : | Bankruptcy Case No.1-17-46613(NHL) |
| | : | |
| | : | District Court No. 1:19-cv-04077-KAM |
| | : | |
| | : | **APPELLANT'S DESIGNATION OF** |
| | : | **RECORD AND STATEMENT OF** |
| | : | **ISSUES ON APPEAL FROM** |
| | : | **BANKRUPTCY COURT** |
| | : | |
| | : | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| **Bankruptcy Docket No.** | **Date Entered In the Bankruptcy Docket** | **Description** |
|---|---|---|
| 1 | 12/08/2017 | Chapter 11 Petition |
| 3 | 12/12/2017 | Meeting of Creditors |
| 9 | 12/15/2017 | Motion for Joint Administrator |
| 12 | 12/19/2017 | Exhibit Amended |
| 16 | 1/19/2018 | Order Granting Motion for Joint Administration |
| 23 | 2/13/2018 | Motion for Relief from Stay |
| 24 | 2/13/2018 | Declaration filed by Capital One Equipment Finance Corp. |
| 25 | 2/13/2018 | Declaration filed by Capital One Equipment Finance Corp. |
| 26 | 2/13/2018 | Memorandum of Law |
| 29 | 2/16/2108 | Motion to Use Cash Collateral |
| 31 | 2/27/2018 | Objections of Capital One Equipment Finance Corp. to Motion for Use of Cash Collateral |
| 34 | 2/28/2018 | Response in Support of Motion for Relief from Stay |
| 36 | 3/1/2018 | Reply Memorandum of Law |
| 40 | 3/8/2018 | Response to Motion to Relief from Stay |
| 41 | 3/8/2018 | Reply in Support of Motion for Use of Cash Collateral |
| 45 | 3/12/2018 | Motion for Relief from Stay |
| 47 | 3/16/2018 | Transcript and Notice for March 9, 2018 |
| 51 | 4/6/2018 | Motion to Extend Exclusivity Period |
| 54 | 4/18/2018 | Objections to Motion to Extend Exclusivity Period |
| 56 | 4/19/2018 | Opposition Response and Objections to |

1

|     |            | Motion to Extend Exclusivity Period |
| --- | ---------- | ----------------------------------- |
| 68  | 5/25/2018  | Adversary Case 1-18-01064 Complaint |
| 88  | 10/5/2018  | Mediation Order |
| 90  | 10/21/2018 | Stipulation and Mediation Order |
| 92  | 11/16/2018 | Mediation Report |
| 111 | 6/3/2019   | Motion to Compromise Controversy |
| 112 | 6/3/2019   | Amended Exhibit A to Motion to Compromise Controversy |
| 116 | 6/20/2019  | Objections to Motion to Compromise Controversy |
| 118 | 6/25/2019  | Affidavit in Support of Motion to Compromise Controversy |
| 119 | 6/25/2019  | Response in Support of Motion to Compromise Controversy |
| 122 | 6/25/2019  | Response and Reservation of Rights |
| 125 | 6/30/2019  | Order Authorizing and Approving Settlement Agreement |
| 126 | 7/1/2019   | Transcript |
| 127 | 7/2/2019   | Letter Requesting Disclosure of Ex Parte Submission of Proposed Order by Counsel for Debtors |
| 128 | 7/2/2019   | Response Letter |
| 129 | 7/2/2019   | Letter Requesting Disclosure of Ex Parte Submission of Proposed Order by Counsel for Debtors |
| 131 | 7/12/2019  | Notice of Appeal |
| 132 | 7/12/2019  | Proposed Civil Cover Sheet |

## **STATEMENT OF ISSUES**

1. Whether the Bankruptcy Court erred in failing to abide by Federal Rules of Bankruptcy Procedure Rule 9019 in granting the Motion to Compromise the Claim?

2. Whether the Bankruptcy Court erred in accepting an unsupported representation of purported authority by a third-party non-debtor to fund the settlement agreement when the ownership of said funds was the subject of on-going litigation and prior decisions of the New York Supreme Court, New York County, Commercial Division and the Supreme Court Appellate Division, First Judicial Department, which refuted that unsupported representation of purported authority?

3. Whether the Bankruptcy Court erred in finding that the co-Executor could unilaterally act on behalf of the Estate of Jacob Elberg and enter into the settlement agreement that was the subject of the Motion to Compromise Claim when her fellow co-Executor objected to her actions and further objected to the Motion to Compromise the Claim?

4. Whether the Bankruptcy Court erred by granting the Motion to Compromise the Claim when the Estate of Jacob Elberg was a party to the settlement agreement that was the subject of the Motion to Compromise Claim and the Estate had failed to obtain or even seek the permission of the Kings County Surrogate's Court to enter into the settlement agreement?

5. Whether the Bankruptcy Court erred by not requiring counsel for the Debtors to disclose its *ex parte* submission of a second proposed Order granting the Motion to Compromise the Claim, which was not uploaded with notice to all parties in accordance with the Bankruptcy Court's CM/ECF procedures and Judge Nancy Hershey Lord's procedures?

6. Whether the Bankruptcy Court erred after receiving the *ex parte* submission of a proposed Order by not disclosing same to all parties to the action?

Dated: July 26, 2019

Yours etc.,
ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP

By:____s/Brian Thomas McCarthy_____
    Brian Thomas McCarthy (BM-4808)
    1 MetroTech Center, Suite 1701
    Brooklyn, New York 11201
    (718) 215-5300
    bmccarthy@abramslaw.com

*Attorneys for Ruben Elberg, individually, as the Co-Executor of the Estate of Jacob Elberg, as a creditor, as member of Royal One Real Estate LLC and Royal Real Estate Management LLC and as a co-Owner of Jarub Trans. Corp.*