```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:                                              Chapter 11

Bracha Cab Corp, et al.,                            Case No. 1-17-46613-nhl
                                                    Jointly Administered

                    Debtors.
------------------------------------------------------------x
```

## ORDER AUTHORIZING RETENTION OF SCHOEMAN UPDIKE & KAUFMAN AS ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

Upon the application of the above named debtors, as debtors and debtors in possession, (the "Debtors") by Esma Elberg, president, by Lori Sullivan, Esq., guardian *at !item* for Esma Elberg pursuant to the orders of the Surrogate's Court of the State of New York annexed to the application, and the affidavit of Faivish Pewzner, sworn to September 28, 2023 annexed to the application, seeking an order authorizing the retention of Schoeman Updike & Kaufman LLP ("Schoeman"), and the annexed affidavit of affidavit of Beth Kaufman, Esq., a member of Schoeman; and it appearing that

a) Schoeman are attorneys duly admitted to practice before this court,

b) Schoeman represent no interest adverse to the Debtors or their estates.

c) Schoeman are disinterested parties as that term is defined in 11 U.S.C. Section 101(14), and

d) Schoeman's employment is necessary and would be in the best interests of the estates, it is

**ORDERED,** that the Debtors hereby are authorized to retain Schoeman as Attorneys instead of Rosenberg Musso & Weiner to represent them *as* debtors and debtors in possession effective September 29, 2023, in the within cases under Chapter 11 of the Bankruptcy Code and it

is further

**ORDERED,** that Schoeman is authorized to accept the retainer fee, as set forth in the retainer agreement accompanying the motion***, but the retainer fee must be held in escrow pending application for allowance and Court approval pursuant to sections 330 and 331 of the Bankruptcy Code (NHL)***, and it is further

**ORDERED,** that Schoeman shall comply with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 including maintaining contemporaneous records of all time expended in representation of the Debtors; and it is further

**ORDERED,** that all compensation paid and reimbursement of expenses incurred by Schoeman shall be subject to approval by this Court upon notice and a hearing pursuant to 11 U.S.C. Sections 330 and 331; and it is further

**[Intentionally Left Blank]**

**ORDERD,** that ten business days prior to any increases in Schoeman's rates for any individual employed by Schoeman and retained by the debtors in possession pursuant to court order, Schoeman shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase to 11 U.S.C. §330(a)(3)(F). Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonable standard under 11 U.S.C. § 330.

NO OBJECTION:

William K. Harrington

United States Trustee for Region 2

By: /s/ Nazar Khodorovsky

Nazar Khodorovsky, Trial

Attorney Dated: October 24, 2023



Dated: November 4, 2023
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge