UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,
,
                     Debtor.

Chapter 11
Jointly Administered

Case No. 17-46613-nhl

-----------------------------------------------------------------x

# ORDER AUTHORIZING AND APPROVING
# DEBTORS' SETTLEMENT AGREEMENTS

This matter came before the Court for hearing on May 21, 2024, on the motion of Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Jarub Trans Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Corp., debtors and debtors-in-possession, ("Debtors"), dated April 25, 2024 (the "Motion", ECF No. 319) for approval, pursuant to F. R. Bankr. P. 9019 ("Rule 9019") of the agreement among the Debtors, Capital One Taxi Medallion Finance, a trade name of Capital One Equipment Finance Corp. ("Capital One"), the Estate of Jacob Elberg, Members of the Elberg Family and entities owned by the members (the "Capital One Agreement"), and the agreement among the Debtors, The Estate of Jacob Elberg, members of the Elberg Family, and entities owned by members of the Elberg Family (the "Family Agreement"), annexed to the Motion; and at the hearing, the Court heard from Schoeman Updike & Kaufman, LLP, by Bruce Weiner, Esq., on behalf of the Debtors in support of the Motion, Reed Smith by Alissa Piccione, Esq., on behalf of Capital One, Abrams Fensterman LLP, by Brian McCarthy, Esq., and Bronstein Gewirtz & Grossman, LLC, by Yitzhak Greenberg, Esq., on behalf of Ruben Elberg all in support of the

1

Motion, and the Office of the United States Trustee having appeared by Jeremy Sussman, Esq.; and the Court having received no objections to the Motion and having considered the Motion and arguments of counsel at the hearing, finds, as follows:

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334 and the Standing Orders of Reference in effect in the Eastern District of New York.

2. Proper notice of the Motion and the relief requested therein has been provided and no other or further notice is necessary.

3. Prosecution of the claims of the parties to the Capital One Agreement and the Family Agreement will very likely be protracted and complex and create significant litigation costs for the Debtors' estates as well as delay payment to Capital One, delay confirmation of a plan of reorganization and delay payment to the Debtors' other creditors.

4. Debtors' counsel are competent and experienced in litigating bankruptcy matters and administering cases such as this one.

5. The Capital One Agreement and the Family Agreement are the product of arms-length bargaining.

6. The Debtors exercised their business judgment by entering into the Capital One Agreement and the Family Agreement and that decision falls above the lowest range of reasonableness.

7. Approval of the settlement agreements meets the criteria set forth in Rule 9019 and the applicable case law in this Circuit, *see In re Ionosphere Clubs, Inc.* 156 B.R. 414, 427 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994), and satisfies the factors set forth by the Second Circuit in *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007), and is well

within range of reasonableness as required by applicable case law.

Accordingly, it is,

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Capital One Agreement and the Family Agreement (as amended at ECF No. 322) annexed to the Motion, are approved in their entirety pursuant to Rule 9019 and section 105(a) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and directed to execute any documents and take such action reasonably necessary to effectuate the terms of the Capital One Agreement, the Family Agreement, and the relief granted in this Order; and it is further

ORDERED, that the automatic stay shall be modified , but only to the extent required for the parties to effectuate the relief granted in this Order; and it is further

ORDERED, that this Order shall be effective immediately and not stayed under any provision of the Bankruptcy Code or any Rule of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED, that the provisions of the Capital One Agreement and the Family Agreement and the terms of this order shall survive confirmation of the Debtors' Plan of Reorganization and remain in full force and effect; and it is further

*(Intentionally Left Blank)*

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the Capital One Agreement, and the Family Agreement.



Dated: May 31, 2024
Brooklyn, New York

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**