UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

Bracha Cab Corp. et. al.,

        Debtor.
----------------------------------------------------------x

Chapter 11

Case No. 17-46613-nhl

# DEBTORS' APPLICATION IN SUPPORT OF
# APPLICATION FOR A FINAL DECREE

TO: THE HONORABLE NANCY HERSHEY LORD,
      U.S. Bankruptcy Judge.

      Bracha Cab Corp., Dovber Cab Corp., Dabri Trans Corp., Merab Cab Corp., Fit Taxi Corp., Somyash Taxi Corp., NY Canteen Taxi Corp., Lechaim Cab Corp., Tamar Cab Corp., NY Genesis Taxi Corp., NY Tint Taxi Corp., NY Stance Taxi Corp., NY Energy Taxi Corp., Jackhel Cab Corp. ("Debtors"), in support of their application for a final decree submits the following:

      1.  On December 8, 2017 and December 11, 2017 (the "Filing Dates") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

      2.  The Debtors are fifteen New York corporations that own 29 licenses to operate taxi cabs in the City of New York (the "Medallions"). When the Debtors purchased the Medallions, Jacob Elberg ("Jacob") owned 100% of all of the Debtors and that remains the ownership of the Debtors until Jacob's death, after which his interests in the Debtors were transferred to his wife, Esma Elberg ("Esma") except for Jarub Trans. Corp., which was owned 50% by Jacob and 50% by his son Ruben Elberg ("Ruben"). On or about August 1, 2012, Capital One Taxi Medallion Finance, a trade name of Capital One Equipment Finance Corp. ("Capital One") made a loan to each of the Debtors and thereafter made certain additional loans to certain

Debtors. The Debtors granted Capital One security interests in the Medallions, all proceeds thereof, and other personal property owned by such Debtor as security for the Loan(s) to it.

3. Jacob died on December 20, 2013. At the time of his death, Jacob was married to Esma and they had four children, Ruben, Tamara Pewzner ("Tamara"), Sholom (Sam) Elberg ("Sam"), and Michael Elberg ("Michael"). Pursuant to the terms of Jacob's will, Tamara and Ruben were nominated co-Executors of the Estate of Jacob Elberg. The equity interests of Jacob Elberg in the Debtors (including his 50% in Jarub Trans. Corp.) were transferred by the Estate of Jacob Elberg to Esma in early 2014.

4. Beginning in 2016, much litigation commenced between Ruben and Tamara over the Jacob Elberg Estate and Jacob's ownership of property and entities. At the same time, Capital One sought to enforce its liens on the Medallions and collect the money owed to it. After the Filing Dates, Capital One sought relief from the stay to repossess the Medallions. The litigation between Tamara and Ruben continued in state court and in the Bankruptcy Court. In April 2024, after more litigation and much negotiating, the Debtors, Capital One, the Estate of Jacob Elberg, Tamara, Ruben, Sam, Michael, and entities owned by members of the Elberg family entered into an agreement resolving the issues among them in the Debtors' cases and resolving Capital One's claims in the Debtors' cases. The same parties, other than Capital One, entered into an agreement resolving all of the issues of the Jacob Elberg Estate. Those agreements provided that the Jacob Elberg Estate would pay Capital One the amount it agreed to accept on account of its claims against the Debtors and provided for funding of the Debtors' Plan of Reorganization. Those agreements also stated that Tamara's husband, Faivish Pewzner ("Faivish") would pay 80% of the allowed tax claims and all of the administrative expenses of the Debtors' cases and that Ruben would pay 20% of the allowed tax claims. After the Court

approved the agreements, the Debtors filed a Plan of Reorganization incorporating the terms of the agreements.

5. By order dated October 18, 2024, this Court confirmed the Debtors' Chapter 11 Plan of Reorganization. On October 26, 2024, the Debtors served and filed the Notice of Effective Date of the Plan. The Plan and the Order Confirming Plan provided for the substantive consolidation of the Debtors' cases. After confirmation, the Estate of Jacob Elberg paid Capital One the amount it agreed to accept as settlement of its claims against the Debtors. Faivish and Ruben paid all the allowed tax claims. Therefore, as provided in Bankruptcy Code Section 1142(a) and Bankruptcy Rule 3021 the Debtors implemented the Plan by making distribution to holders of allowed claims. All objections to claims have been resolved. No objections to any claims are pending and none are anticipated.

6. Consequently, the Debtor's estate and the Second Amended Plan have been fully administered within the meaning of Bankruptcy Rule 3022 and pursuant to Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, the Court should enter the Final Decree.

WHEREFORE, the Debtor requests that this Court enter the pre-fixed Final Decree, together with such other and further relief as is just and proper.

Dated: New York, New York
December 6, 2024

Schoeman Updike & Kaufman, LLP
Attorneys for the Debtors

By: /s/ Bruce Weiner
Bruce Weiner
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
(917) 974-3175